## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**YELLOW TRANSPORTATION, INC.,**

        **Plaintiff,**

        **v.**                             **Case No.  05-2463-JWL**

**APEX DIGITAL, INC.,**

        **Defendant.**

_____

## MEMORANDUM AND ORDER

Plaintiff Yellow Transportation, Inc. filed this action in state court against defendant Apex Digital, Inc. seeking more than $92,000 in past due freight charges.  Defendant filed a notice of removal invoking this court's diversity jurisdiction.  This matter is presently before the court on plaintiff's motion to remand (Doc. 2).  By way of this motion, plaintiff argues that the court should remand this case because defendant failed to attach to its notice of removal a copy of the state court summons served on defendant, thus making the removal defective under 28 U.S.C. § 1446(a).  For the reasons explained below, the court will deny plaintiff's motion to remand.

A civil action is removable if a plaintiff originally could have brought the action in federal court.  28 U.S.C. § 1441(a).  Under 28 U.S.C. § 1446(a), a defendant desiring to remove a case to federal court must file

> a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal,

together with a *copy of all process*, pleadings, and orders served upon such
defendant or defendants in such action.

(Emphasis added.)   "[S]tatutes conferring jurisdiction upon the federal courts, and particularly

removal statutes, are to be narrowly construed."   *Pritchett v. Office Depot, Inc.*, 420 F.3d

1090, 1094-95 (10th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

108-09 (1941)).   "There is a presumption against removal jurisdiction."   *Laughlin v. Kmart

Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *accord Martin v. Franklin Capital Corp.*, 251 F.3d

1284, 1290 (10th Cir. 2001).   All doubts about removal jurisdiction must be resolved in favor

of remand.   *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *accord

Martin*, 251 F.3d at 1290 (uncertainties about jurisdiction are resolved in favor of remand).

       In this case, it is undisputed that defendant failed to follow the required procedure by

failing to attach a copy of the summons to the notice of removal.   On this basis alone, plaintiff

contends that remand is warranted.   In response, defendant argues that its failure to attach the

summons to the notice of removal does not require remand and, instead, that the court should

allow defendant to cure this defect by filing an amended notice of removal.   Plaintiff, however,

contends that defendant cannot cure the defect because the thirty-day period within which

defendant was required to file a proper notice of removal has expired.[1]   The pivotal issue, then,

---

       [1] Defendant was served on September 29, 2005, and was required to file the notice of
removal within thirty days thereafter. *See* 28 U.S.C. § 1446(b).  The thirtieth day was October
29, 2005.   Because this was a Saturday, the thirty-day removal period expired on the next
business day, which was Monday, October 31, 2005.  Defendant filed its notice of removal on
that day.   Plaintiff filed its motion to remand on November 4, 2005, and defendant asked the
court for leave to file an amended notice of removal on November 18, 2005, which was
indisputably well after the thirty-day removal period expired on October 31, 2005.

is whether the proper remedy for defendant's failure to attach the summons is to remand the case or allow defendant to cure the defect by filing an amended notice of removal notwithstanding expiration of the thirty-day removal period.

There are essentially two different viewpoints on this issue. The predominant view is that the removing party's failure to file the required state court papers is "curable in the federal courts if there is a motion to remand." 14C Charles Alan Wright et al., Federal Practice & Procedure § 3733, at 350-51 (3d ed. 1998). This viewpoint stems from the Fifth Circuit's holding in *Covington v. Indemnity Insurance Co. of North America*, 251 F.2d 930 (5th Cir. 1958). In *Covington*, the Fifth Circuit rejected the argument that it did not have jurisdiction because the defendant did not file with the removal petition copies of the state court papers (specifically, the plaintiff's first supplemental petition, discovery documents, and the state court orders). *Id.* at 932-33. The court reasoned that "mere modal or procedural defects [in removal] are not jurisdictional" and that under § 1447(b) missing state court papers may be later supplied. *Id.* at 933. Courts within the Fifth Circuit and Eleventh Circuits have largely followed this approach. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981); *see, e.g.*, *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 (11th Cir. 1985) (reversing the district court's order which denied a motion to dismiss on the grounds that the motion was not filed with the notice of removal); *Flores v. Baldwin*, Case No. 01-2873, 2002 WL 1118504, at *4 (N.D. Tex. May 28, 2002) (remand was not required for failure to file the required state court papers because the other

3

party was not prejudiced and the record could easily be supplemented to correct the defects); *Brown v. Nationsbank*, Case No. 96-2630, 1997 WL 587486, at *2 (N.D. Tex. Sept. 11, 1997) (allowing supplementation to cure the defect); *Woodall v. Ins. Co. of N. Am.*, 582 F. Supp. 247, 248 (N.D. Ga. 1984) (allowing amendment of notice of removal in order to attach copies of state court papers); *see also, e.g.*, *Boyce v. St. Paul Fire & Marine Ins. Co.*, Case No. 92-6525, 1993 WL 21210, at *3 (E.D. Pa. Jan. 28, 1993) (noting procedural defect was remedied when the court received a copy of the state court records); *Dri Mark Prods., Inc. v. Meyercord Co.*, 194 F. Supp. 536, 538 (S.D.N.Y. 1961) (noting defect was already cured where defendant filed the required exhibits along with its opposition to the motion to remand). *But see Cury v. Royal Palm Sav. Ass'n*, 713 F. Supp. 388, 389 (S.D. Fla. 1989) (denying motion to reconsider and holding that remand was appropriate due to noncompliance with requirement that all process, pleadings, and orders be filed with the notice of removal).

This viewpoint is also supported by the Seventh Circuit's holding in *Riehl v. National Mutual Insurance Co.*, 374 F.2d 739 (7th Cir. 1967), in which the Seventh Circuit rejected the argument that it did not acquire jurisdiction over the case because the state court complaint was not filed in the federal district court. *Id.* at 741.  The court reasoned that § 1446(a)'s requirement that a copy of all process, pleadings, and orders from the state court action be filed with the notice of removal "is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried." *Id.* at 742.  The court explained that under the facts of that case "the omission was but a minor irregularity of no consequence" and that the basic purpose of this requirement "was

neither frustrated nor unfulfilled." *Id.*   District courts within the Seventh Circuit have largely followed this approach.   *See, e.g.*, *Boxdorfer v. Daimlerchrysler Corp.*, Case No. 05-3221, 2005 WL 2837554, at *2 (C.D. Ill. Oct. 25, 2005) (declining to remand due to procedural defect in failing to attach the required documents to the notice of removal and allowing substitution to add additional documents); *Anderson v. Federated Mut. Ins. Co.*, Case No. 00-C-0312-C, 2000 WL 34228194, at *2 (W.D. Wis. Aug. 15, 2000) (failure to attach the correct summons and complaint was a technical and curable defect rather than a substantive error; declining to remand); *Int'l Gateway Commc'ns, Inc. v. Commc'n Telesystems Int'l, Inc.*, 922 F. Supp. 122, 124 (N.D. Ill. 1996) (granting leave to amend notice of removal to add a copy of the summons where the plaintiff was not prejudiced by the defect and it was curable).

The other line of authority on this issue is relied on by plaintiff in support of its motion to remand.   Plaintiff predominantly relies on the case of *Kisor v. Collins*, 338 F. Supp. 2d 1279 (N.D. Ala. 2004), where the district court was confronted with circumstances much like those at issue in this case.   The defendants in *Kisor* had failed to attach a copy of the summons to the notice of removal.   *Id.* at 1280.   The defendants argued that remand was not required under the Fifth Circuit's reasoning in *Covington*.   The district court rejected this argument and explained that the facts of *Kisor* were distinguishable because the plaintiff in *Kisor* had filed a timely motion to remand.   *Id.* at 1281.   The district court pointed out that the plaintiff in *Kisor* complained about the defect within the thirty-day period set forth in the first sentence of § 1447(c) and therefore the plaintiff did not waive the defect by allowing the thirty-day period to lapse.   *Id.*   The court reasoned that Congress must have "mean[t] something" by the

5

first sentence of § 1447(c) which states that a procedural defect is waived if not made the subject of a motion to remand within thirty days after the notice of removal. *Id.* The court granted the motion to remand, concluding that it could not "ignore a manifest procedural defect that a plaintiff has expressly complained about just because the defect was inadvertent or because the removing defendant tenders a belated correction." Another case from the District of Oregon recently followed this approach and held that remand was required where the defendants failed to attach to the notice of removal the exhibits to the state court complaint, failed to remedy the defect within the thirty-day removal period, and the plaintiff timely objected within the required thirty-day period. *See Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am.*, Case No. 05-444, 2005 WL 1653629, at *4 (D. Or. July 6, 2005).

The general rationale of the cases granting remand where the removing party has failed to file the required state court papers within the thirty-day removal period is based on their reading of the interrelationship of the language in the current version of the removal statutes. *Covington*, *Riehl*, and their progeny, on the other hand, derive their origin from a prior version of § 1447(c), as both *Covington* and *Riehl* predated the 1988 amendments to § 1447. Prior to that time, § 1447(c) required remand "'[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction.'" *Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Carter*, 450 U.S. 949, 950 (1981) (quoting prior version of § 1447(c)). The 1988 amendment to § 1447(c) created essentially two separate categories of grounds for remand:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Under the amended version of the statute, there are essentially "two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself."  *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076 (10th Cir. 1999).  Whereas a defect in subject matter jurisdiction is never waived and can be raised at any time, a procedural defect does not involve subject matter jurisdiction and may be waived if not objected to within thirty days after removal.  *Id*. at 1076-77.  The basic theory in favor of requiring remand here under the current version of the statute is grounded in a reading of the language in § 1446(a) which requires "a copy of all process, pleadings, and orders" to be filed with the notice of removal and the language of § 1447(c) which requires "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction" to be made within thirty days after the notice of removal is filed to make remand for any procedural defects automatic as long as it is timely sought.  The undersigned is not persuaded that the court's discretion is so constrained.

The court wishes to clarify that it is not addressing here the extent to which remand might be warranted for other types of procedural defects which also fall within the literal language of the first sentence of § 1447(c).  The Tenth Circuit has made it clear that when the plaintiff raises a timely objection to the defendant's failure to remove the case within the thirty-day removal period, the court should order remand.  *See Huffman*, 194 F.3d at 1077-79.

7

Additionally, the Tenth Circuit has suggested that remand might be warranted if all defendants who have been served fail to join in the notice of removal and the plaintiff raises a timely objection thereto. *See Cornwall v. Robinson*, 654 F.2d 685, 686-87 (10th Cir. 1981) (affirming district court's award of attorney fees where removal was defective due to failure of one codefendant to join in the notice of removal, although lack of jurisdiction was also conceded); *see also Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516-17 (6th Cir. 2003) (district court should have ordered remand where one defendant registered his opposition to removal by filing a motion to remand). But, those cases do not purport to address whether remand is mandated for the removing party's failure to attach one of the required state court papers.

It has been stated that the requirement that a removing party file all of the required state court papers "is obviously intended to provide the district court with the record materials necessary to enable the court and the litigants to delineate the issues to be tried." *Riehl*, 374 F.2d at 742. To that extent, then, unlike the thirty-day removal deadline or the requirement of unanimity, *see, e.g.*, *Cramer v. Devera Mgmt. Corp.*, Case No. 04-2102-JWL, 2004 WL 1179375, at *2 (D. Kan. May 27, 2004) (all defendants who have been served must join in notice of removal); *Patel v. Moore*, 968 F. Supp. 587 (D. Kan. 1997) (remanding where removal notice was not filed within thirty-day period for filing notice of removal and all defendants had not consented in writing to the removal); *Wickham v. Omark Indust., Inc.*, Case No. 92-2286-JWL, 1993 WL 393012, at *1-*4 (D. Kan. Sept. 28, 1993) (same), it does not go to the heart of the attempt to invoke federal court jurisdiction. The removal statute, in fact,

8

provides a secondary mechanism for allowing the district court to obtain a complete version of the state court record, *see* § 1446(b) (district court may require the removing party to file "copies of all records and proceedings" from the state court), and the District of Kansas has enacted a local rule to flesh out that process.  *See* D. Kan. Rule 81.2.  Inadvertently failing to attach one document is not even the equivalent of a party's total failure to comply with the local rule, *see, e.g.*, *Carrothers Constr. Co. v. USA Slide, Inc.*, Case No. 98-2097-JWL, 1998 WL 295602, at *1 (D. Kan. May 18, 1998) (remanding because of removing party's failure to file the state court record as required by this court's local rule); *Patel*, 968 F. Supp. at 591 (same), which thwarts the record gathering process and bodes particularly ill for the "just, speedy, and inexpensive determination" of the action.  In any event, suffice it to say that while the Tenth Circuit has indicated that remand is warranted for other types of procedural defects, in this case the procedural defect at issue is the removing party's mere failure to attach a copy of the summons to the notice of removal and this court has found nothing in Tenth Circuit case law to suggest that this court should necessarily remand a case simply because of this.

This court has, however, located helpful guidance on this issue from the Supreme Court. Long ago, the Supreme Court addressed the propriety of a trial court's order remanding a case to state court based on a defendant's failure to file the state court record within the time period required under an earlier version of the removal statute.  In *St. Paul & Chicago Rwy. Co. v. McLean*, 108 U.S. 212 (1883), the defendant had filed the state court record three days late. *Id.* at 212-13.  The Supreme Court discussed prior case law and held that those cases

> abundantly sustain the proposition that the failure of the defendant to file the copy [within the required time period] does not deprive that court of jurisdiction to proceed in the action, and that *whether it should do so or not upon the filing of the copy, is for it to determine. In this case it was undoubtedly within the sound legal discretion of the [trial] court to proceed as if the copy had been filed within the time prescribed by statute.*

*Id.* at 216 (emphasis added). The Court then went on to hold that the trial court did not abuse its discretion by remanding the case based on the defendant's inadvertent failure to file the state court record within the required time period. *Id.* at 217. But, *McLean* nonetheless stands for the principle that whether to allow the removing party to cure its failure to file state court records is a matter committed to the discretion of the district court.

Nothing in the language of § 1447(c) itself suggests a view contrary to the one stated by the Supreme Court in *McLean*. Where this court departs from the logic of cases such as *Kisor* and *Employers-Shopmens Local 516 Pension Trust*, which seek to give meaning to the first sentence of § 1447(c) by requiring remand for such procedural defects when those defects are the subject of a timely objection, is that those cases have not distinguished between the statutory directives for the two different types of grounds for remand. Significantly, the second sentence of § 1447(c) states that the district court "shall" remand the case for lack of subject matter jurisdiction. The district court has no discretion in this respect. Notably absent from the first sentence of the statute, however, is any indication of the extent to which the court must or should remand the case based on non-jurisdictional defects. Simply stated, the statute is silent on the issue. Thus, while the court is certainly mindful that removal statutes

10

are to be strictly construed and all doubts resolved in favor of remand, the court finds nothing in the statute that requires remand for the particular procedural defect at issue here.

Additionally, nothing in the legislative history of the 1988 amendments to § 1447(c) suggests a congressional intent that is contrary to the Supreme Court's holding in *McLean*. The legislative history does not suggest that Congress amended the statute in an attempt to give more "teeth" to the removal statute's procedural requirements. Rather, the sole objective sought to be accomplished by the first sentence of § 1447(c) appears to have been to force the parties to raise any such objections promptly so that procedural defects cannot be used to later inconvenience the parties and the court:

> So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State or Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. There is also some risk that a party who is aware of a defect in removal procedure may hold the defect in reserve as a means of forum shopping if the litigation should take an unfavorable turn.

H.R. Rep. No. 100-889, at 72 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 5982, 6033. Thus, the court finds nothing in the statute or its legislative history that tends to suggest that the court does not have discretion to determine whether remand is warranted under the circumstances.

Accordingly, in keeping with the Supreme Court's comments in *McLean*, this court will exercise its discretion in resolving this issue. Utilizing that discretion, this court can see no valid reason for remanding this case solely because the defendant failed to attach the summons to the notice of removal. The failure was inadvertent and trivial. In and of itself, the failure did

11

not unduly burden the court or reflect the complete failure to follow the removal procedure that typically leads to remand orders where the motion is made outside the thirty-day window or where all defendants do not join.   Important, also, is the fact that plaintiff has suffered absolutely no prejudice whatsoever from the defect and this defect can be promptly and easily remedied by allowing defendant to file its proposed amended notice of removal.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion to remand (Doc. 2) is denied.

**IT IS FURTHER ORDERED** that defendant shall immediately file its proposed amended notice of removal.

**IT IS SO ORDERED** this 22nd day of December, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge